1  XAVIER BECERRA
   Attorney General of California
2  GARY S. BALEKJIAN
   Supervising Deputy Attorney General
3  CATHERINE E. FLORES
   Deputy Attorney General
4  State Bar No. 252240
     300 South Spring Street, Suite 1702
5    Los Angeles, CA 90013
     Telephone: (213) 269-6502
6    Fax: (213) 897-1071
     E-mail: Catherine.Flores@doj.ca.gov
7  *Attorneys for Defendant Department of Consumer
   Affairs, Contractors State License Board*
8

9  CALVIN R. HOUSE
   Gutierrez Preciado & House, LLP
10 State Bar No. 134902
     3020 E. Colorado Blvd.
11   Pasadena, CA 91107
     Telephone: (626) 449-2300
12   Fax: (626) 449-2330
     E-mail: calvin.house@gphlawyers.com
13 *Attorneys for Defendant Steven Skogebo*

14

15           IN THE UNITED STATES DISTRICT COURT

16           FOR THE CENTRAL DISTRICT OF CALIFORNIA

17

18

19 | | |
   |---|---|
   | SANTOSHA PADFIELD, | Case No: 2:18-cv-08358 |
   | Plaintiff, | **JOINT NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441 AND 1446 AND PURSUANT TO 28 U.S.C. SECTION 1332 (DIVERSITY)** |
   | v. | |
   | **DEPARTMENT OF CONSUMER AFFAIRS, CONTRACTORS STATE LICENSE BOARD, a California state agency; STEVEN SKOGEBO, an individual; and DOES 1-25, inclusive,** | Action Filed: 8/28/2018 |
   | Defendants. | |

27

28

1

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, DEPARTMENT OF CONSUMER AFFAIRS, CONTRACTORS STATE LICENSE BOARD (hereinafter "CSLB") and Defendant STEVEN SKOGEBO ("Skogebo") hereby jointly remove this action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds that diversity of citizenship exists pursuant to 28 U.S.C. §1332.

Complete diversity of citizenship exists between Plaintiff SANTOSHA PADFIELD (hereinafter "Plaintiff"), a citizen of the State of Tennessee, and Defendant CSLB, a California state agency, and Defendant Skogebo, a resident of California. The amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in § 1332(a).

The foregoing facts are true as of the date of filing of this Notice of Removal, as more fully set forth below.

1. On August 28, 2018, Plaintiff filed in the Superior Court of the State of California, in and for the County of Los Angeles, a civil action entitled *Santosha Padfield v. Department of Consumer Affairs, Contractors State License Board, a California state agency, Steven Skogebo, an individual, and DOES 1-25, inclusive,* Case No. BC718897 (the "Complaint"). A true and correct copy of the Summons and Complaint filed by Plaintiff is attached hereto as Exhibit 1 and incorporated by reference.

2. In the Complaint, Plaintiff alleged that she currently resides in the state of Tennessee. (See Complaint, ¶ 2.) Defendant CSLB is a California state agency located in California, and Defendant Skogebo was, at all relevant times, a supervisory employee of CSLB residing in the County of Los Angeles. (See Complaint, ¶¶ 5-7.)

3. SUBJECT MATTER JURISDICTION: Subject matter jurisdiction rests with the federal courts in this action on the basis of diversity jurisdiction under 28 U.S.C. section 1332 and pursuant to 28 U.S.C. section 1441, subsection (b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as demonstrated by the following:

(a) The citizenship of the fictitiously named defendants, identified as DOES 1 through 25 in the Complaint, should be disregarded for the purposes of this removal. (See *Fristoe v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 and 28 U.S.C. § 1441(a));

(b) Defendant CSLB is informed and believes, and on that basis alleges, that Plaintiff is a resident of the State of Tennessee, County of Knox, and remains a resident of the State of Tennessee as of the date of filing this Notice of Removal;

(c) Defendant CSLB was at the time of the filing of this action, and still is, a California state agency, and Defendant Skogebo is a resident of California; and

(d) This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, is satisfied by the following:

(i) The Court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. (*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 567.) A removing defendant must show by a preponderance of the evidence that the plaintiff's claim exceeds the jurisdictional minimum. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404.)

(ii) This action arises out of Plaintiff's claim for damages for alleged (1) harassment in violation of the Fair Employment and Housing Act; (2) failure to take corrective action in violation of the Fair Employment and Housing Act; (3) failure to prevent harassment in violation of the Fair Employment and Housing Act; (4) retaliation in violation of the Fair Employment and Housing Act; and (5) intentional infliction of emotional distress.

(iii) Plaintiff's Complaint seeks economic and non-economic damages, exemplary damages against Defendant Skogebo, interest, attorneys' fees, and for costs of suit. (See Complaint, Prayer for Relief at Page 8.)

(iv) Plaintiff alleges that she has suffered damages and injury as a proximate result of Defendants CSLB and Skogebo's alleged harassment, including lost wages, compensation and benefits, as well as anxiety, upset, anguish, humiliation and emotional distress, all in an amount that "exceeds the unlimited jurisdiction" of the Superior Court of California [$25,000] to be proven at trial. (Complaint, p. 4, ¶ 16.)

(vi) Plaintiff alleges that she has suffered damages and injury as a proximate result of Defendant CSLB's alleged failure to take corrective action, including lost wages, compensation and benefits, as well as anxiety, upset, anguish, humiliation and emotional distress, all in an amount that "exceeds the unlimited jurisdiction" of the Superior Court of California [$25,000] to be proven at trial. (Complaint, p. 5, ¶ 28.)

(iv) Plaintiff alleges that she has suffered damages and injury as a proximate result of Defendant CSLB's alleged failure to prevent harassment, including lost wages, compensation and benefits, as well as anxiety, upset, anguish, humiliation and emotional distress, all in an amount that "exceeds the unlimited jurisdiction" of the Superior Court of California [$25,000] to be proven at trial. (Complaint, p. 6, ¶ 34.)

(iv) Plaintiff alleges that she has suffered damages and injury as a proximate result of Defendant CSLB's alleged retaliation, including lost wages, compensation and benefits, as well as anxiety, upset, anguish, humiliation and emotional distress, all in an amount that "exceeds the unlimited jurisdiction" of the Superior Court of California [$25,000] to be proven at trial. (Complaint, p. 7, ¶ 40.)

(vi) Plaintiff alleges that she has suffered damages and injury as a proximate result of Defendant Skogebo's alleged intentional infliction of emotional distress, which caused her to suffer severe or extreme emotional distress, and claims that as a result she is entitled to punitive damages pursuant to section 3294 of the California Civil Code.   (Complaint, p. 8, ¶¶ 46, 48.)

Therefore, the alleged damages in this case exceed the jurisdictional minimum of $75,000.00.

4.  VENUE: Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a) because Defendant CSLB is informed and believes, and on that basis alleges, that a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County, which is part of this judicial district. (See Complaint, ¶ 1.) Moreover, venue is also proper in the Central District of California pursuant to 28 U.S.C. §1441(a) which reads in part, "... any civil action ... may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." Los Angeles County is within the jurisdiction of the Central District of California.

5.  Therefore, Defendants CSLB and Skogebo file this Notice of Removal of this action from the Superior Court of the State of California in and for the County of Los Angeles, Central District, the court in which it is now pending, and removes this action to the United States District Court for the Central District of California.

6.  A true and correct copy of Defendant CSLB's Answer to Complaint for Damages is attached hereto as <u>Exhibit 2</u> and incorporated by reference.

7.  A true and correct copy of Defendant Skogebo's Answer to Complaint for Damages is attached hereto as <u>Exhibit 3</u> and incorporated by reference.

8.  Defendant CSLB is informed and believes, and thereon alleges, that other than the pleadings attached to this Notice of Removal, no further pleadings, process, or orders have been filed or served in this action.

9. A Notice to State Court is being filed with the Superior Court of the State of California in and for the County of Los Angeles, Central District, and will be served on all parties. A true and correct copy of the Notice of Filing of Removal served on the State Court and Plaintiff, without exhibits, is attached hereto as Exhibit 4 and incorporated by reference.

10. All properly served defendants in this action consent to and join in this removal.

11. This Notice of Removal is timely because it has been filed within thirty (30) days after these Defendants were served with the Complaint.

WHEREFORE, Defendants CSLB and Skogebo pray that this action be removed from the Superior Court of the State of California in and for the County of Los Angeles, Central District and that this matter be removed to the United States District Court for the Central District of California, County of Los Angeles.

Dated: September 27, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
GARY S. BALEKJIAN
Supervising Deputy Attorney General

/s/Catherine E. Flores

CATHERINE E. FLORES
Deputy Attorney General
*Attorneys for Defendant Department of Consumer Affairs, Contractors State License Board*

Gutierrez, Preciado, & House, LLP

/s/Calvin R. House

CALVIN R. HOUSE
*Attorneys for Defendant Steven Skogebo*

LA2018502553
53083136.docx